UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SIMON PETER KARERI,<br><br>Defendant. | Criminal No. 05-320M (AK)<br><br>**FILED**<br><br>JUN 0 2 2005<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### DETENTION MEMORANDUM

The Defendant, Simon Peter Kareri, has been charged in a criminal complaint with knowingly, and without authority from the court, transferring property that is subject to *in rem* jurisdiction of a United States court for the purposes of civil forfeiture under Federal law with the intention of defeating the court's continuing *in rem* jurisdiction in violation of 18 U.S.C. § 2232(b). A preliminary and detention hearing was held on May 31, 2005. At the conclusion of the hearing, the Court found probable cause and that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## Findings of Fact

At the detention hearing, Debra LaPrevotte, a special agent with the Federal Bureau of Investigation, testified for the government. Agent LaPrevotte testified that on September 2, 2004, the United States filed a civil forfeiture complaint *in rem* in the United States District Court for the District of Columbia against a parcel of land owned by the Defendant and located at 11310 South Glen Road, Potomac, Maryland. As required by law, the Defendant was put on notice that the United States had filed this action and that a *lis pendens* had been filed with Montgomery County Land Records. On October 15, 2004, the Defendant filed a "Statement of Interest" with this Court, indicating that he was the co-owner of the property. Along with this property, law enforcement agents identified and seized four bank accounts under the control of the Defendant. There was probable cause to believe the assets in the accounts were the proceeds of violations of 18 U.S.C. § 1344 (Bank Fraud), 18 U.S.C. § 657 (Embezzlement), and 18 U.S.C. § 1343 (Wire Fraud).

Agent LaPrevotte further testified that on May 6, 2005 the Defendant sold the property located at 11310 South Glen Road, Potomac, Maryland for $1,075,000. Immediately after the sale, the Defendant received and deposited a check for the proceeds in the amount of $999,315.62 at Provident Bank. Subsequently, Provident Bank indicated that there would be a hold on the check for five or six days. The Defendant then telephoned Universal Title Company and stated that he needed the proceeds of the sale immediately because he and his wife were leaving the country and needed the money for another settlement. The Defendant disputes that he told the title company he and his wife were leaving the country. Thereafter, the title company wired the funds to Citibank. On May 9, 2005, Citibank transferred the funds to a bank in Luxembourg at the request of the

Defendant.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required . . . such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e).

Where, as here, the offense pending against the Defendant is not a crime of violence, the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of Defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

The government witness, Special Agent Debra LaPrevotte, testified that she was told by an employee of the title company that the Defendant stated he was leaving the country and needed the proceeds from the sale of the land immediately. The haste and immediate need for the money, the fact that the money was sent to an overseas bank account, and the statement from the Defendant that he was planning to leave the country all indicate by a preponderance of the evidence that the Defendant has the financial ability to and may flee before trial if released. Furthermore, pending before the court are several fraud charges against the Defendant in which he is accused of defrauding the Riggs National Bank and one of its customers of in excess of one million dollars. These charges are serious and according to the sentencing guidelines would carry a maximum penalty of sixty years

if the Defendant was convicted.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed to reasonably assure compliance by the Defendant, including the Defendant's appearance at future court proceedings. Therefore, the government's motion for pretrial detention is granted.

Dated: June 2nd, 2005

ALAN KAY
UNITED STATES MAGISTRATE JUDGE